UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DUSTIN SEALS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21-CV-1468-NAB |
| D. MARSHAIK, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of a complaint that purports to have been filed by self-represented plaintiff Dustin Seals, a prisoner. For the reasons discussed below, the Court will give plaintiff the opportunity to file a signed, amended complaint on a Court-provided form, and to either pay the $402 filing fee, or seek leave of Court to proceed without prepayment of such fee.

**Background**

The complaint in this case purports to have been filed by plaintiff herein and nine other individuals, all of whom are inmates at the Jefferson County Detention Center. The complaint was filed against Sheriff D. Marshaik and Detention Center officials, and it alleged the plaintiffs' federally-protected rights were violated when they witnessed the suicide of a fellow inmate. However, while plaintiff Dustin Seals's name was listed as a plaintiff, he did not sign the complaint, nor did he pay the $402 filing fee or seek leave to proceed without prepayment of such fee. Additionally, this Court does not allow multiple prisoners to join as plaintiffs in a single lawsuit under Federal Rule of Civil Procedure 20. Therefore, on December 14, 2021, the Honorable Henry Edward Autrey entered an order severing nine plaintiffs from the originating

case, and ordering new cases opened for each one. (ECF No. 2). The case at bar is one of those new cases.

## Discussion

The complaint in this matter is defective for several reasons. First, plaintiff did not personally sign it. Rule 11(a) of the Federal Rules of Civil Procedure requires an unrepresented party to personally sign his pleadings, motions, and other papers, and requires courts to "strike an unsigned paper unless the omission is promptly corrected after being called to the… party's attention." Similarly, the local rules of this Court require self-represented parties to sign all of their filings. E.D. Mo. L.R. 2.01(A)(1).

Second, the complaint asserts claims on behalf of a group of inmates as a whole. While federal law authorizes plaintiff to plead and conduct his own case personally, he lacks standing to bring claims on behalf of others. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (stating that, in general, to satisfy the standing requirement, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."). Moreover, there is no indication that plaintiff is a licensed attorney. He therefore may not represent the interests of others in this Court. *See* 28 U.S.C. § 1654; *Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (stating that a person who is not licensed to practice law may not represent another individual in federal court).

In consideration of plaintiff's *pro se* status, the Court will give him the opportunity to file a signed, amended complaint to set forth his own claims for relief. Plaintiff is advised that the amended complaint will replace the original complaint. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without

legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, plaintiff should write the name of the person he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue each defendant.

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how each defendant was personally involved in and directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Finally, plaintiff must also either pay the $402 filing fee, or file a fully completed and signed Application to Proceed in District Court Without Prepaying Fees or Costs. If plaintiff chooses to file an Application to Proceed in District Court Without Prepaying Fees or Costs, he must also file a certified copy of his inmate account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2). A "certified copy" is one that has been certified by an authorized prison official as a true and correct copy.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's Application to Proceed in District Court Without Prepaying Fees or Costs form.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this order, plaintiff must file a signed amended complaint on the Court-provided form.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this order, plaintiff must either pay the $402 filing fee, or file a completed Application to Proceed in District Court Without Prepaying Fees or Costs form along with a certified copy of his inmate account statement.

**If plaintiff fails to timely comply with this order, the Court will dismiss this action without prejudice and without further notice.**

                                                              NANNETTE A. BAKER
                                                              UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of January, 2022.