**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

DUSTIN SEALS,                                    )
                                                 )
            Plaintiff,                           )
                                                 )
      v.                                         )            No. 4:21-CV-1468-NAB
                                                 )
D. MARSHAIK, et al.,                             )
                                                 )
            Defendants.                          )

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon review of the file.  For the reasons explained below, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The background of this case is fully set forth in the Court's January 14, 2022 order, but the Court recites the essential facts here.  Plaintiff, a prisoner, initiated this civil action along with nine other inmates, all of whom were inmates at the Jefferson County Detention Center. *See Barnett, et al. v. Marshaik, et al.,* No. 4:21-CV-907-RWS. The complaint alleged that the plaintiffs' civil rights were violated when they witnessed the suicide of a fellow inmate. Plaintiff did not sign the complaint, nor did he pay the filing fee or file a motion for leave to proceed without prepayment of such fee. On December 14, 2021, this Court severed nine plaintiffs from the originating action, and opened new civil actions for each one. The case at bar is one of those actions.

Upon initial review, the Court determined the complaint was defective and subject to dismissal because, *inter alia*, plaintiff did not sign the complaint and did not pay the filing fee or file a motion for leave to proceed *in forma pauperis*. On January 14, 2022, the Court entered an order directing plaintiff to file an amended complaint to set forth his own claims for relief, and to

also either pay the filing fee or seek leave to proceed *in forma pauperis*.  In so doing, the Court fully explained why the complaint was subject to dismissal, gave plaintiff clear instructions about what was expected, and cautioned him that, if he failed to timely comply with the order, the Court would dismiss this case without further notice.

Plaintiff's response was due to the Court on February 14, 2022. On February 18, 2022, mail the Court sent to plaintiff was returned as undeliverable, and the Court obtained plaintiff's new address and re-sent the January 14, 2022 Memorandum and Order to plaintiff at his new address. However, to date, plaintiff has not complied with the Court's order or sought additional time to do so, nor has he filed anything in this case.

Plaintiff was given meaningful notice of what was expected, and cautioned that his case would be dismissed if he failed to timely comply.  Therefore, this action will be dismissed without prejudice due to plaintiff's failure to comply with this Court's January 14, 2022 order and his failure to prosecute his case.  *See* Fed. R. Civ. P. 41(b); *see also Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order), *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where *pro se* plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

Dated this 11th day of March, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE